IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARLAND E. WILLIAMS,              )
                                  )
            Plaintiff,            )
                                  )
v.                                )    Case No. 19-2476-JAR
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Defendant.            )

**<u>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS and
REPORT AND RECOMMENDATION OF DISMISSAL</u>**

This case relates to any earlier case filed by the pro se plaintiff, Garland E. Williams, against the United States and United States District Judges in Louisiana, Case No. 18-2540-CM-TJJ. In the earlier case, U.S. District Judge Carlos Murguia adopted the Report and Recommendation of U.S. Magistrate Judge Teresa J. James and dismissed plaintiff's action for failure to state a claim upon which relief can be granted.[1] The Tenth Circuit recently upheld the dismissal on appeal.[2] Plaintiff now sues the United States based on the actions of its "agents," Judges Murguia and James. Plaintiff has filed a motion for leave to proceed in forma pauperis (ECF No. 3) and a motion for the appointment of a process server (ECF No. 4). As discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, grants plaintiff leave to proceed in forma pauperis, but recommends the case be dismissed and the

---

[1] ECF No. 13 in Case No. 18-2540.

[2] ECF No. 19 in Case No. 18-2540.

motion for service of process be denied.

I.   Motion to Proceed In Forma Pauperis

Plaintiff has moved to proceed with this action in forma pauperis (ECF doc. 3). Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit [asserting] … the person is unable to pay such fees or give security therefor."[3] To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees.[4] The decision to grant or deny in-forma-pauperis status under § 1915 lies within the "wide discretion" of the trial court.[5] Based on the information contained in the affidavit accompanying his motion,[6] plaintiff has shown a financial inability to pay the required filing fee. The court therefore grants plaintiff leave to proceed without prepayment of the filing fee pursuant to § 1915(a)(1).

II.  Screening under 28 U.S.C. § 1915(e)(2)

When a party is granted leave to proceed in forma pauperis, § 1915(e)(2) requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may

---

[3]28 U.S.C. § 1915(a)(1).

[4]*United States v Garcia*, 164 Fed. App'x 785, 786 n. 1 (10th Cir. Jan. 26, 2006).

[5]*Id.*

[6]ECF No. 3-1.

be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[7] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[8] The screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike.[9]

In applying § 1915(e)(2) to the pleadings of a pro se litigant, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[10] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[11] "To state a claim, the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'"[12] The "court need not accept allegations that state only legal conclusions."[13] Dismissal is appropriate when "it is obvious that the plaintiff

---

[7] 28 U.S.C. §1915(e)(2)(B).

[8] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[9] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[10] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).

[11] *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[12] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Peoples v. Langley/Empire Candle Co.*, No. 11-2469, 2012 WL 171340, at *2 (D. Kan. Jan. 20, 2012) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

cannot prevail on the facts []he has alleged and it would be futile to give [him] an opportunity to amend."[14]

Plaintiff's complaint is extremely difficult to follow.[15] Plaintiff's "Statement of Claim," reads, "Defendant's agents abridged claimant's invoked federal tort act adjacent to adduced federal question act statutory provisions, as well aided the commission given rise to the breathed claims for ad judicature request."[16] The rest of the complaint is written in similar fashion. The complaint does not make clear what, if any, factual basis his claims rest on. It does, however, repeatedly cite Case No. 18-2540-CM-TJJ, and it appears plaintiff may be seeking to challenge rulings in that case, which, as mentioned above, were upheld on appeal. It is unclear what legal claim or claims plaintiff is asserting, and plaintiff does not state facts sufficient to show that this court would have any jurisdiction over whatever claim he may be trying to assert.

Plaintiff makes "vague, rambling" assertions from which it would be impossible for defendant to frame an answer.[17] For these reasons, the undersigned believes that there is no

---

[14]*Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

[15]This is the fourth case plaintiff has filed in this court. Plaintiff's previous complaints were dismissed for failure to state a claim, with the court noting the complaints were difficult to understand. *See Williams v. United States*, 18-2540; *Williams v. United States*, No. 18-4005; *Williams v. United States*, 18-4018.

[16]ECF No. 1 at 3.

[17]*Collier-Kinnell v. United States*, No. 10-4140, 2010 WL 4807075, at *2 (D. Kan. Nov. 17, 2010) (dismissing case under 28 U.S.C. § 1915(e)).

logical construction of plaintiff's complaint from which to divine a cognizable claim. In addition, the undersigned finds that any attempt to amend the complaint would be futile because the United States, as well as the federal judges allegedly acting as United States "agents," are most likely immune from suit.[18]

Construing the allegations in plaintiff's complaint liberally and in the light most favorable to plaintiff, the undersigned finds that plaintiff has failed to state a claim upon which relief may be granted, and plaintiff seeks monetary relief from defendants who are immune from such. The undersigned therefore recommends that this action be dismissed and that the motion for service of process (ECF No. 4) be denied.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

IT IS SO ORDERED.

Dated August 19, 2019, at Kansas City, Kansas.

---

[18]*FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that the United States is immune from suit unless it consents to be sued); *Henriksen v. Bentley*, 644 F.2d, 852, 855 (10th Cir. 1981) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction . . . .").


                                                           <u>s/ James P. O'Hara</u>
                                                           James P. O'Hara
                                                           U.S. Magistrate Judge