# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GARLAND E. WILLIAMS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 19-2476-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff Garland E. Williams filed this matter *pro se* and moved for leave to proceed *in forma pauperis* on August 14, 2019. He asserts claims against the United States based on the actions of U.S. Magistrate Judge Teresa J. James and U.S. District Court Judge Carlos Murguia in District of Kansas Case No. 18-2540-CM-TJJ. In that case, Magistrate Judge James recommended dismissal of Plaintiff's complaint for failure to state a claim upon which relief can be granted in a Report and Recommendation,[1] and District Judge Murguia adopted that Report.[2] Plaintiff appealed, and the Tenth Circuit affirmed the dismissal.[3]

In the present case, U.S. Magistrate Judge James P. O'Hara granted Plaintiff leave to proceed *in forma pauperis* but recommended the case be dismissed.[4] This matter is before the Court on Plaintiff's objections to Magistrate Judge O'Hara's Report and Recommendation.[5]

---

[1] *Williams v. United States et al.*, No. 18-2540, Doc. 8, (D. Kan. Nov. 29, 2018).

[2] *Williams v. United States et al.*, No. 18-2540, Doc. 13, (D. Kan. Jan. 15, 2019).

[3] *Williams v. United States et al.*, No. 19-3018 (10th Cir. July 29, 2019).

[4] Doc. 6.

[5] Doc. 7.

1

After reviewing Plaintiff's objections, the Court adopts the Report and Recommendation, overrules and denies Plaintiff's objections, and dismisses the case.

## I. Legal Standard

Under 28 U.S.C. § 636(b)(1), the Court must apply the following standard when a party makes objections to a report and recommendation:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.[6]

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court. . ."[7] If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.[8]

Because Plaintiff proceeds *pro se*, the Court construes his pleadings liberally.[9] However, the Court does not assume the role of his advocate.[10] Also, Plaintiff's *pro se* status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] Plaintiff is not relieved from complying with the rules of the court or facing the consequences of noncompliance.[12]

---

[6] 28 U.S.C. § 636(b)(1).

[7] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Fields v. Faircloth*, No. 17-4037-DDC, 2018 WL 525454, at *1 (D. Kan. Jan. 24, 2018).

[8] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

[9] *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

[10] *Id.*

[11] *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[12] *Id.* (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

**II.     Discussion**

When a party is granted leave to proceed *in forma pauperis*, the court must screen the party's complaint.[13]  A court shall dismiss a plaintiff's case if the court determines the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[14]  This Court finds Magistrate Judge O'Hara's recommendation of dismissal was proper, and adopts it.

First, Plaintiff's complaint does not state a claim upon which relief may be granted. Although Plaintiff's written objections are extremely difficult to follow, he mentions the "federal tort adjacent federal question Acts"[15] and quotes District Court Judge Murguia's discussion of 28 U.S.C. § 1346(b) in a Federal Tort Claims Act suit.[16]  Considering these statements together and construing Plaintiff's pleadings liberally, the Court believes that Plaintiff attempts to bring this suit under the Federal Tort Claims Act.

Plaintiff appears to object to Magistrate Judge O'Hara's recommendation of dismissal on the basis that recommendation of dismissal *itself* provides evidence to support his claim against Magistrate Judge James and District Court Judge Murguia because Magistrate Judge O'Hara is *also* an agent of the United States.[17]  Plaintiff's objection is a mere assertion that fails to focus the Court's attention on an articulable cause of action.  For this reason, Plaintiff has failed to assert a viable claim upon which relief may be granted.

---

[13] 28 U.S.C. § 1915(e)(2).

[14] 28 U.S.C. § 1915(e)(2)(B).

[15] Doc. 7-1 at 2.

[16] Doc 7-1 at 7 (". . . Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the 'Negligent or wrongful act or omission' of a federal government employee, while that employee is action within the scope of his office or employment . . ."); *see also Duckworth v. United States*, No. 18-2065-CM-TJJ, 2018 WL 6042761, at *1 (D. Kan. Nov. 19, 2018).

[17] Doc. 7-1 at 3–4.

Second, it appears Plaintiff objects to Magistrate Judge O'Hara's finding that judicial immunity would bar Plaintiff's suit when he recommended that "any attempt to amend the complaint would be futile because the United States, as well as the federal judges allegedly acting as United States 'agents,' are most likely immune from suit."[18] Plaintiff argues that, because Magistrate Judge James and District Court Judge Murguia ruled against him in their capacity as agents of the United States, the United States is liable rather than the judges as individuals.[19] Although Plaintiff does not seek to amend his Complaint, the Court agrees that an attempt to do so would be futile.

A judge is entitled to absolute judicial immunity if the judge has not acted in "clear absence of all jurisdiction"[20] and if the act in question was a judicial one.[21] A judge acts in complete absence of all jurisdiction "[w]here there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known, no excuse is permissible."[22] Further, an act is judicial if it is a function normally performed by a judge, and the parties dealt with the judge in the judge's judicial capacity.[23]

In Case No. 18-2540-CM-TJJ, Magistrate Judge James had the authority to recommend dismissal of Plaintiff's case for failure to state a claim.[24] District Court Judge Murguia also had

---

[18] Doc. 7-1 at 6–7.

[19] *Id.*

[20] *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

[21] *Id.* at 362.

[22] *Id.* at 362 n.6 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351–52 (1871)).

[23] *Id.* at 362; *see also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

[24] *See* 28 U.S.C. § 636(b)(1)(B).

the authority to adopt that Report.[25] Further, these acts—recommending the dismissal of a plaintiff's complaint for failure to state a claim and adopting a magistrate judge's Report and Recommendation—are clearly judicial acts. For these reasons, Magistrate Judge James and District Court Judge Murguia are entitled to absolute immunity.

Unrelated to Magistrate Judge O'Hara's grounds for dismissal, it appears Plaintiff objects to the assignment of Magistrate Judge O'Hara to this matter.[26] He contends that, under 28 U.S.C. § 636(c)(1), he must consent to the use of a magistrate judge in his case.[27]

However, a district court judge may designate a magistrate judge to submit proposed findings of fact and recommendations.[28] Further, consent from both parties is only required when a magistrate judge enters a binding judgment.[29] But Magistrate Judge O'Hara's Report and Recommendation is not a binding judgment, and this Court is free to adopt or reject the Magistrate Judge O'Hara's recommendations. Further, Plaintiff had the opportunity to object to the Report and did so. For these reasons, Plaintiff did not need to consent to the designation of this matter to Magistrate Judge O'Hara.

**IT IS THEREFORE ORDERED BY THE COURT** that the Report and Recommendation of Magistrate Judge James P. O'Hara (Doc. 6) is adopted. Plaintiff's objections to the Report and Recommendation (Doc. 7) are overruled and denied.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Doc. 1) is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

---

[25] *See* 28 U.S.C. § 636(b)(1).

[26] Doc. 6 at 8.

[27] *Id.*

[28] 28 U.S.C. § 636(b)(1)(B).

[29] *See* 28 U.S.C. § 636(c)(1).

**IT IS SO ORDERED.**

Dated: November 20, 2019

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE